**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JASWINDER SINGH,

      Petitioner,

      v.

DARIN BALAAM, *et al.*,

      Respondents.

Case No. 3:26-cv-00415-RFB-CLB

**SCREENING ORDER**

Petitioner Jaswinder Singh, an immigration detainee, has filed a counseled Petition for a Writ of Habeas Corpus. See ECF No. 1. Through it, he challenges the lawfulness of his ongoing detention at Washoe County Detention Center in the custody of Federal Respondents.

The Court has reviewed the Petition and preliminarily finds Petitioner can likely demonstrate that he is a member of the certified class ("Class Member") in Jacobo-Ramirez v. Mullin, No. 25-cv-02136-RFB-MDC (D. Nev.). Accordingly, he may be entitled to relief pursuant to the Court's classwide declaratory judgment and vacatur. See Jacobo Ramirez v. Mullin, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).[1]

Further, the Court finds the Petition seeks relief that has already been granted to Jacobo-Ramirez Class Members; namely, Petitioner asks this Court to declare Matter of Yajure Hurtado unlawful as applied to him and set aside Hurtado pursuant to 5 U.S.C. § 706(2)(A). See generally Pet'r's Pet. for Writ of Habeas Corpus, Count III at 17–18, ECF No. 1 [hereinafter "Pet."].

---

[1] The Jacobo-Ramirez Class is defined as: "All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States." See Jacobo Ramirez, 2026 WL 870799, at *1, n.2.

In granting partial summary judgment in favor of Class Members, this Court issued the following relief:

> Accordingly, the Court issues a classwide declaratory judgment that Class Members are subject to detention under § 1226(a) and its implementing regulations. Defendants must therefore comply with 8 C.F.R. §§ 236.1(b); 236.1(c)(8) in arresting and detaining any Class Member. If Defendants deny release on bond or conditional parole after an initial custody determination, Class Members are entitled to custody redetermination(s) before an immigration judge upon request consistent with 8 C.F.R. §§ 236.1(d); 1003.19.

> The Court further "set[s] aside" the July 8th Memo and Hurtado pursuant to 5 U.S.C. § 706(2).

Jacobo Ramirez, 2026 WL 879799 at *31. If Petitioner is in fact a Jacobo-Ramirez Class Member, the Court's Marth 30th grant of partial summary judgment renders Petitioner's allegation that "[h]e cannot apply for Bond or even appeal the Immigration Judge's bond jurisdiction to the BIA, because the Immigration Judge would follow current BIA precedent to determine that no jurisdiction exists" inapplicable, given this Court has vacated Hurtado as to Class Members. See Pet. at 18, ¶ 54.

However, the Court also finds Petitioner seeks relief beyond the scope of the Jacobo-Ramirez partial judgment (which was based solely on statutory and regulatory grounds) based on his individual circumstances—namely, he seeks immediate release from detention based on the allegation that his re-detention, after DHS previously released him on bond, without pre-deprivation process violated the Due Process Clause of the Fifth Amendment. See Pet. at 13–14 ("By re-detaining Petitioner in 2026 without any individualized process, the government has effectively revoked his conditional liberty in a manner that implicates due process."). On that basis, the Court preliminary finds Petitioner can likely demonstrate his circumstances warrant immediate release, consistent with this Court's previous decisions finding a post-deprivation bond hearing after the erroneous deprivation of a Class Member's liberty "would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." Canales Velasquez v. Mattos, No. 2:26-CV-00977-RFB-NJK, 2026 WL 1557572, at *7 (D. Nev. June 2, 2026) (citations omitted).

Based on the foregoing, the Court seeks clarification from Petitioner whether he asserts he

- 2 -

is a member of the Jacobo-Ramirez Class, and if so, why the relief he seeks in Counts Two and Three of the Petition is not duplicative of the relief already granted to Class Members. Therefore, **IT IS HEREBY ORDERED** that Petitioner shall file an amended petition on or before **June 10, 2026**, which addresses the Court's March 30th judgment in Jacobo-Ramirez. Upon receipt of the Amended Petition, the Court will issue a show cause and scheduling order pursuant to 28 U.S.C. § 2243 as appropriate.

To preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove or transfer Petitioner from this judicial district, pending further order of the Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over his claims and with the Court's ability to expeditiously resolve the Petition. The Court thus finds this Order is warranted to maintain the *status quo*.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** Counsel for Respondent Darin Balaam at cburnett@da.washoecounty.gov to the docket and **SEND** them a copy of the Petition (ECF No. 1) and this Order through CM/ECF.

///

///

- 3 -

3.  **MAIL** a copy of the Petition (ECF No. 1), attachments (ECF No. 1-1), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent Darin Balaam at Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512.

**DATED:** June 3, 2026

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**